PER CURIAM.
The appellant, Hamilton Davis Bender, III pleaded guilty as a youthful offender in two cases of possessing or altering a forged instrument in the second degree, in violation of § 13A-9-6, Code of Alabama 1975. He was ordered to serve 180 days in the Boot Camp Program and to return to circuit court at the completion of the program for further sentencing.
On February 19, 1991, the court was notified that the appellant had been removed from the Boot Camp Program because his progress had been unsatisfactory. After a revocation hearing, the trial court revoked the appellant’s probation and ordered him to be incarcerated by the Department of Corrections for three years with credit given for time served at Boot Camp.
During the revocation hearing, the following occurred:
“Proceedings (February 26, 1991)
“THE COURT: The State versus Hamilton Davis Bender, III. Mr. Bender?
“MR. BENDER: Yes, sir.
“THE COURT: Let the — this matter is set today in Case Number CC-90-159-P. Let the record reflect on the 23rd, I believe, of October, 1990, Mr. Bender was sentenced to three years as a youthful offender to the custody of the Director of the Department of Corrections. That sentence was suspended pending him serving one hundred eighty days in the Boot Camp Program. On successful completion of that program he would be brought back into this court to be placed on probation. If he did not successfully complete the program, then he would be brought back to determine whether his probationary sentence should be terminated and he be ordered to serve the three year sentence.
“This court has been informed by the State of Alabama Department of Corrections that he did not successfully complete the Boot Camp Program. Based on this court’s prior order and this defendant having not successfully completed the Boot Camp Program, it is the Order and Judgment of this court [that] the three year sentence be imposed at this time and he be ordered incarcerated in the Department of Corrections for a period of three years, to be given credit for the time served in this case while at the Boot Camp Program or in the county jail, subsequent to this arrest.
“MR. MASON: [defense counsel] Judge, the court does not intend on allowing us to put any testimony on as to why he did not complete it?
“THE COURT: No, Sir.
“MR. KEAHEY: [prosecutor] Judge, we do need a restitution set in this matter. I don’t think it was ever determined at the time he pled.
“THE COURT: Are you prepared to give me some information on it?
“MR. KEAHEY: Yes, sir, it was two checks, forty dollars.
“THE COURT: Restitution will be forty dollars, court costs and attorney’s fee and Crime Victim’s Fund are a condition of any type Work Release Program or otherwise.
“MR. MASON: Judge, we think there is an issue the court needs to hear from
*798 Mr. Bender why he didn’t complete this program.
“THE COURT: Take it up with the appellate court. He is in your custody, Mr. Sheriff.
“THE PROCEEDINGS WERE CONCLUDED.” (R. 2-4.)
On appeal, the appellant contends that he was denied due process of law by the court’s failure to allow him to make any statement or present evidence as to why he did not complete the Boot Camp Program. We must agree.
The due process requirements for a probation revocation hearing are set out in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975):
“1. Written notice to the probationer of the claimed violations of probation.
“2. Disclosure to the probationer of evidence against him or her.
“3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
“4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
“5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
“6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
“7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
“8. The judge conducting the probation hearing should decide on a case-by-case basis whether due process requires that an indigent probationer be represented by counsel.
“9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.”
Armstrong, 294 Ala. at 102, 103, 312 So.2d at 622, 623.
In the case at bar, the appellant was not given the opportunity to be heard and, therefore, the mandates of Armstrong were not followed. For this reason, the judgment in this case is reversed and remanded to the Clarke Circuit Court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.